{¶ 21} I concur in the majority's disposition of appellants' assignment of error as it relates to their claim of undue influence. However, I respectfully dissent from the majority's disposition as it relates to appellants' claim with respect to the decedent's incompetency.
 {¶ 22} In the June 9, 2003 motion requesting dismissal of the motion for summary judgment, appellants maintain:
 {¶ 23} "3. On or about June 5, 1999, [Butts] was confused and forgetful as shown by the report of Union Hospital. See Appendix B attached hereto and made a part hereof.
 {¶ 24} "4. That she was in poor health and was under medication, was found to be unconscious on the floor in her mobile home. She was taken to Union Hospital May 31, 1999, to June 5, 1999, at which time she was `confused, bedfast, decreased mobility, possibly suffering from dementia.'
 {¶ 25} "* * *
 {¶ 26} "7. She was transferred from Union Hospital and an interview date of June 7, 1999, was made at Morning View Care Centre in which it was indicated that she was forgetful, some confusion as shown by Appendix C attached hereto and made a part hereof."
 {¶ 27} Civ.R. 56(C) controls the materials the court may consider when it determines whether summary judgment is appropriate. "The rule directs the court to consider only `the pleading[s], depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action.'" Bowmer v. Dettelbach (1996),109 Ohio App.3d 680. Documents do not constitute proper evidence under Civ.R. 56(C), unless they are accompanied by a personal certification that they are genuine or are incorporated by reference in a properly framed affidavit pursuant to Civ.R. 56(E). Id.
 {¶ 28} Attached to appellants' response to the motion for summary judgment is an affidavit executed by Attorney John Woodard. The affidavit speaks to the authenticity of the records attached as evidence. However, assuming arguendo, the hospital and nursing home records, discovery and other documents attached in support of appellants' response are improper evidence under Civ. R. 56, appellees failed to object to the evidence. Therefore, any objection to the evidence is waived, and the evidence may be considered pursuant to Civ. R. 56.
 {¶ 29} I recognize and concur in the trial court's assessment of Attorney Woodard's vague and convoluted references to the documents supporting appellant's position in both his motion to dismiss appellees' motion for summary judgment and his identification as to where in the record he is basing his arguments. I find his brief filed in this Court to be likewise vague, convoluted and conclusory. Nonetheless, I must review the issue de novo.
 {¶ 30} The Union Hospital and Morning View Care Centre records indicate Butts experienced both short term and long term memory problems, and specifically mention possible dementia. It is noted her cognitive skills for daily decision making were moderately impaired. She presented with disorientation to time and place, and she was pleasantly confused most of the time. Her inability to make decisions without assistance is indicated. Further, she had bilateral cataracts, difficulty reading fine print and blurred vision.
 {¶ 31} Upon review of the evidence supporting appellants' brief in response to the motion for summary judgment, I find appellants have met their burden of setting forth specific facts demonstrating there is a genuine issue of material fact for trial as to the decedent's competency.
 {¶ 32} However, addressing appellants' claim of undue influence, I find appellants have not met their burden of setting forth specific facts demonstrating a genuine issue for trial. Appellants' brief cites the Ohio Supreme Court case of West v.Henry (1962), 173 Ohio St. 498, establishing the necessary elements to succeed on a claim for undue influence:
 {¶ 33} "The essential elements of undue influence are a susceptible testator, another's opportunity to exert it, the fact of improper influence exerted or attempted, and the result showing the effect of such influence." Id.
 {¶ 34} While it has been established appellees' held and exercised a power of attorney, such evidence, in and of itself, is insufficient to prove appellees in fact exerted or attempted improper influence. Upon review of the evidence, I find appellants have not set forth genuine issues of material fact in order to succeed on their claim of undue influence.
 {¶ 35} Accordingly, I find the trial court properly granted summary judgment as to appellant's undue influence claim, but erred in granting summary judgment on their claim of decedent's incompetency.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Probate Division, of Tuscarawas County, Ohio, is affirmed. Costs to appellants.